**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Georgii Ponomarenko,
Petitioner,
v.
Eric Rokosky, et al.,
Respondents.

No. CV-26-01430-PHX-KML (CDB)

**ORDER**

This court previously granted a habeas petition filed by petitioner Georgii Ponomarenko, ordering that he be given a bond hearing before an immigration judge ("IJ"). *See Ponomarenko v. Unknown Party*, 26-cv-00107-KML-CDB, Doc. 9 (D. Ariz. Feb. 4, 2026). A few weeks later, Ponomarenko filed a second habeas petition challenging that bond proceeding as "Constitutionally Deficient." (Doc. 2 at 1.) The petition asserts that Ponomarenko was detained as a flight risk based only on a "conclusory statement" from the government, the IJ improperly placed the burden to disprove flight risk on Ponomarenko given his prolonged detention, and the IJ "did not identify specific facts supporting detention" or "meaningfully consider less restrictive alternatives to detention." (Doc. 2 at 2.)

The court ordered respondents to answer the petition and based on their answer, later required them to supply a transcript of Ponomarenko's bond hearing. (Docs. 1, 14.) Respondents' answer characterizes Ponomarenko's petition as improperly asking this court to review the merits of the bond hearing and argues it is moot for that reason. (Doc. 8 at 2-

3.) Respondents also argue "no facts here . . . suggest the legal framework employed by the IJ was itself a violation of due process," and did not respond to Ponomarenko's argument regarding the burden of proof. (*See* Doc. 8 at 2.)

The IJ's bond order contained virtually no reasoning and, as the petition argued, no individualized facts. It stated only that bond was denied because "the respondent has failed to meet his burden of proving he is not a flight risk if released on bond, finds that the respondent is properly detained without bond, and declines to set bond in his case." (Doc. 2 at 4.) Having listened to the bond hearing, Ponomarenko provided evidence that his parents (who lack legal status but are in immigration proceedings) live in California and would be responsible for him; in response, the government only offered that Ponomarenko is a flight risk because he has been denied relief so has no incentive to present himself for removal and his parents are in proceedings. (Bond Hearing at 10:20-14:30.) The IJ offered no more reasoning orally than in the written bond order.[1] (Bond Hearing at 16:35-18:50.)

Respondents are incorrect in claiming Ponomarenko did not raise whether the IJ employed a legal framework that violated his due process rights. He argued his bond hearing was constitutionally deficient for a number of reasons. (*See* Doc. 2 at 1-2.) Contrary to respondents' only argument, then, this court *can* review the questions Ponomarenko's petition raises. *See Martinez v. Clark*, 124 F.4th 775, 785-86 (9th Cir. 2024) (holding that although court cannot reweigh evidence underlying bond determination, it can determine whether the immigration court applied the correct legal standards). And doing so—particularly in the absence of any contrary argument from respondents—this court finds the IJ inadequately considered the evidence and insufficiently explained his reasoning for denying bond. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) ("[W]here there is any indication that the [immigration court] did not consider all of the evidence before it, a catchall phrase [describing its reasoning] does not suffice, and the decision cannot stand."); *cf. Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (in motion-

[1] Ponomarenko's counsel appeared after respondents' filing and correctly transcribed the IJ's oral reasoning. (*See* Doc. 18 at 6-7.) He also cited several cases granting habeas petitions in which this IJ denied bond used the same phrasing in the bond denial order. (Doc. 18 at 3-4.) Respondents did not respond to counsel's filing.

to-reopen context, immigration court errs when it does not "issue a decision that fully explains the reasons for" a denial). Ponomarenko's petition is therefore granted to the extent it requests a constitutionally-adequate bond hearing. Further, because respondents did not address Ponomarenko's contention they should bear the burden of proof by clear and convincing evidence at a new bond hearing, they have waived any argument to the contrary. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue") (simplified).

The petition (Doc. 2) is therefore **granted** to the extent that within **seven days** of this order being docketed, respondents must provide Ponomarenko with a bond hearing before a neutral arbiter, at which respondents must justify his continued detention by a showing of clear and convincing evidence that he would likely flee or pose a danger to the community if released, or alternatively release him from custody. The petition is otherwise denied.

**IT IS ORDERED**:

1. Petitioner's petition for writ of habeas corpus (Doc. 2) is **GRANTED** to the extent it seeks a constitutionally-adequate bond hearing.
2. Respondents must provide petitioner a bond hearing within **seven days of this order being docketed** at which they must justify petitioner's continued detention by a showing of clear and convincing evidence that he would likely flee or pose a danger to the community if released, or alternatively release him from custody.
3. Respondents must provide a notice of compliance within **three days** of releasing petitioner or providing petitioner a bond hearing, **including the outcome of the bond hearing**.

Dated this 17th day of August, 2026.

Honorable Krissa M. Lanham
United States District Judge