WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Georgii Ponomarenko,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-01430-PHX-KML (CDB)

**ORDER**

On August 18, 2026, the court granted petitioner's petition for writ of habeas corpus to the extent respondents were ordered to conduct a bond hearing where the burden was on them to justify petitioner's continued detention by clear and convincing evidence. (Doc. 19.) At the subsequent bond hearing, the Immigration Judge denied bond. Petitioner then filed a motion to enforce arguing the bond hearing did not comply with the court's order. (Doc. 20.) Petitioner argued additional proceedings before the Immigration Judge would be futile and "immediate release is the appropriate alternative." (Doc. 20 at 8.)

Respondents filed a response that consists of two sentences. The only substantive one states "Respondents do not oppose the motion to the extent Petitioner requests a bond hearing before a different Immigration Judge." (Doc. 22 at 1.) The response does not address petitioner's request for immediate release. As the court explained to respondents in an earlier order, the failure to address an argument can result in waiver or abandonment. (Doc. 19 at 3, *citing Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011).) Respondents were aware of the need to respond to any

argument they opposed, but they chose not to do so. In these circumstances, release is appropriate.

**IT IS ORDERED** the Motion to Enforce (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** respondents must immediately release petitioner from custody.

**IT IS FURTHER ORDERED** respondents must provide a notice of compliance within two business days of petitioner's release.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment for petitioner and close this case.

Dated this 11th day of September, 2026.

Honorable Krissa M. Lanham
United States District Judge